MUTUAL BENEFIT LIFE INSURANCE COMPANY, APPELLEE, v. JOHN H. DANIELS ET AL., APPELLANTS.

FILED JANUARY 8, 1903.   No. 12,396.

Commissioner's opinion, Department No. 1.

1. **Promissory Note:** EXTENSION OF PAYMENT: RATE OF INTEREST. Where a note provides for ten per cent. interest after maturity, and an extension agreement is entered into between the maker and holder, extending the time of payment and providing for six per cent. interest thereon during the period of extension, after the expiration of the period of extension, the note will again draw interest at ten per cent.

2. **Mortgage:** FORECLOSURE: TAXES. Where, in the foreclosure of a mortgage, plaintiff prays judgment for taxes by him paid for the protection of his security, and offers in evidence tax receipts for the sums so paid, such receipts are prima-facie evidence of the payments of such taxes.

APPEAL from the district court for Douglas county. Foreclosure of mortgage. Heard below before FAWCETT, J. Judgment for plaintiff. *Affirmed.*

*Charles W. Haller,* for appellants.

*Warren Switzler* and *Charles C. St. Clair, contra.*

KIRKPATRICK, C.

This is an appeal from the judgment of the district court for Douglas county in an action brought by the Mutual Benefit Life Insurance Company against John H. Daniels and Eliza F. Daniels and others upon a note and mortgage. There was judgment for plaintiff and defendants appeal. The facts in the case need be but briefly

Syllabus by court; catch-words by editor.

stated: On September 1, 1890, appellants, being husband and wife, made and delivered to one William B. Meikle, to whom they were indebted, their promissory note in the sum of $3,000, agreeing therein to pay Meikle $3,000 September 1, 1895, with interest from date till paid at six per cent., payable semi-annually. A mortgage was executed upon certain property to secure the note. Among the conditions of the mortgage was one requiring appellants to pay all taxes and assessments against the property, and in their default so to do, the mortgagee might pay the same and recover the amount from appellants with interest at ten per cent. The mortgage was filed September 13, 1890, and on or about September 11, 1890, appellee became the owner thereof and of the note by purchase from Meikle. In addition to the facts above stated the court found that on January 31, 1891, appellee paid taxes and assessments which had been levied, but unpaid, upon the premises, amounting to $412.68. There was an agreement in the note that the principal sum should bear interest after maturity at the rate of ten per cent. per annum. An extension agreement was entered into between appellants and appellee September 23, 1895, in which appellants agreed to pay the principal sum September 1, 1900, "and also the interest thereon at the rate of six per cent. per annum, in semi-annual payments, during said period of extension, according to the tenor and effect of the extension coupons hereto attached." Receipts from the city treasurer for taxes paid were introduced by appellee, showing payment for the sums claimed on account of taxes. Appellants had defaulted in the payment of taxes. The court found that there was due to appellee on the mortgage indebtedness $3,294.16, and for taxes paid $423.68, or a total of $3,717.84, with interest at the rate of ten per cent. from the 6th day of May, 1901.

Appellants contend that the judgment of the court is wrong in allowing an interest of ten per cent. on the principal sum of the loan, basing this contention upon the theory that the interest rate must be controlled by the new

agreement,—the extension agreement of September 13, 1895,—which, it is said, does not provide for interest at ten per cent. on the principal under any circumstances. We do not think the decree vulnerable for the reason stated. The agreement was for "interest thereon [the principal sum] at the rate of six per cent. per annum in semi-annual payments during said term of extension." The intention of the parties to this contract is plain, namely, that during the period of extension, granted under agreement, the provision in the antecedent agreement for ten per cent. upon principal after default should be inoperative; and it must be assumed that it was intended that after default occurring upon the expiration of the extension period, the principal should drawn interest at ten per cent. In other words, the extension agreement had for its sole purpose the postponement of the date of maturity of the original contract.

In *North v. Walker*, 66 Mo., 453, it is said: "Where a note called for ten per cent. interest after maturity, and the time of payment was extended by agreement for a certain time at the rate of nine per cent., *held*, that after the expiration of the extended time the note would bear interest at the rate of ten per cent."

It does not appear from the agreement under consideration that the parties understood or intended that the rate of six per cent. during the extension should extend beyond that period, when construed in connection with the subsisting contract when the extension was granted.

Appellants say that the court should not have allowed anything for alleged taxes and assessments paid by appellee, because the only proof in the record is the tax receipts of the treasurer. In *Ure v. Reichenberg*, 63 Nebr., 899, it is held that receipts for taxes, prior and subsequent, paid on certificate of tax sale, are prima-facie evidence of the validity of such taxes. But whether the tax receipt in the hands of a mortgagee is ordinarily presumptive evidence of the regularity of the taxes paid is not expressly determined therein. This question, however, seems

not necessary to a decision of the question here under consideration. In the case at bar the mortgage contains provisions in the language following: "First party to pay all taxes and assessments now due or which may become due on said premises before the same become delinquent. * * * And should said party of the first part neglect or fail to pay said taxes or assessments * * * said party of the second part, his heirs, successors or assigns may do so, and recover of the party of the first part the amount paid therefor with interest at the rate of ten per cent. per ann. and this mortgage shall stand as security therefor." Under the terms of this mortgage it became the duty of the mortgagors to pay the taxes assessed upon the property at their maturity or before, and failing, the mortgagee was expressly authorized to do so, and recover, with ten per cent., upon foreclosure. We think appellee had a right under this agreement to pay the taxes which were due, and having done so, a receipt of the treasurer was sufficient to establish *prima facie* the validity of the taxes and the amount paid and the right of the mortgagee to recover therefor. The rule is settled that a receipt for money is ordinarily prima-facie evidence of its payment, and we are unable to see why the rule should not be applied to the payments of taxes made by a mortgagee for the protection of his security.

Appellee failed to introduce any evidence tending to overthrow the presumption that the taxes were paid as alleged and that the taxes were valid, and it follows that the trial court's judgment is right, and it is recommended that the same be affirmed.

HASTINGS and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.